UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| RACHEL DEPALMA | ) | CASE NO. 5:22-CV-00091 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE: |
| v. | ) | |
| | ) | |
| SAMANTHA KERNS, | ) | **COMPLAINT FOR** |
| TRACY KORSLUND, | ) | **DEFAMATION FALSE LIGHT,** |
| LAURINDA KIRK, | ) | **AND CONSPIRACY** |
| | ) | |
| Defendants. | ) | **JURY TRIAL DEMANDED** |
| | ) | |

NOW COMES Plaintiff Rachel DePalma ("Plaintiff"), by and through undersigned counsel, and for her Complaint against Defendants Samantha Kerns, Tracy Korslund, and Laurinda Kirk, (collectively "Defendants") states as follows:

## PARTIES

1. Plaintiff Rachel DePalma is an individual residing in San Jose, California. Plaintiff owns a nonprofit organization called "No Peace No Quiet," which is devoted to lobbying for legislation to support domestic violence and abuse victims, as well as recommending public resources to assist victims of domestic violence. Plaintiff promotes her business and its resources on popular social media websites, including the popular social media site, TikTok.

1

2. Defendant Samantha Kerns ("Kerns") is an individual residing in Kathleen, Georgia, in Houston County. Kerns is a self-proclaimed subject matter expert on narcissistic behavior and promotes life-coaching services on social media websites, primarily on TikTok and Instagram, through the usernames @whatdoesitmatter, @whatdoesitmatternow, and @iamsam.xo.

3. Defendant Tracy Korslund ("Korslund") is an individual residing in Lennox, South Dakota. Korslund is an abuse survivor who regularly publishes content relating to domestic abuse on social media websites, primarily on TikTok and Instagram, through the usernames @narctok_royalty. @the.silliest.ho, and @jadalous.

4. Defendant Laurinda Kirk ("Kirk") is an individual residing in Lithonia, Georgia. Kirk is an abuse survivor who regularly publishes content relating to domestic abuse on social media websites, primarily on TikTok, through the usernames @wholesomehealingatl, @reallaurinda, @narctokog and @hotdoghealing.

## JURISDICTION AND VENUE

5. This Court possesses federal diversity jurisdiction under 28 U.S.C. § 1332 as the parties are diverse in citizenship and the amount in controversy exceeds $75,000.

6. Venue is proper in the District Court for the Middle District of Georgia pursuant to 28 U.S.C. § 1391(b)(1).

## FACTUAL BACKGROUND

7. Plaintiff is a domestic abuse survivor who has chosen to devote her career to improving legislation to provide better support for domestic violence victims. To that end, Plaintiff founded her nonprofit organization, No Peace No Quiet, in 2021. Her organization additionally connects domestic abuse victims to resources to aid in their recovery.

8. Plaintiff developed an online application for domestic survivors to report misconduct or abuse they experience from others on social media, called the Misconduct Ticketing System ("MTS"), which is available on her organization's website: nopeacenoquiet.org. The MTS is designed to protect the domestic violence survivor community from harmful or fraudulent behavior online. Reporting to the MTS is secure and anonymous. Plaintiff has never released personal information or other data submitted to the MTS.

9. Plaintiff designed her nonprofit organization, as well as the MTS, to be resources for domestic abuse victims to be able to lean on when going through their extremely difficult and challenging moments in their life. To that end, Plaintiff's

reputation, as well as the reputation of her organization and the MTS, is critical to achieving this goal and providing critical resources to domestic abuse survivors.

10. Since November 2021, Plaintiff has been the victim of a targeted social media smear campaign, primarily driven by the Defendants, that is intended to defame her and her organization in the domestic violence survivor community and to discourage survivors from seeking the resources she provides or otherwise associating with Plaintiff.

11. Upon information and belief, Defendants' harassment began in October 2021 as a response to misinformation that the Plaintiff was responsible for accusing another member of the survivor community of sexual harassment.

12. Plaintiff publicly launched the MTS on November 19, 2021 on social media, to encourage survivors to take advantage of the system. Plaintiff was fully transparent about what information the MTS collects and how the information is used. Plaintiff spoke about the MTS in several videos published to TikTok using the account @loveandjustice5 and @nopeacenoquiet.

13. Defendants' have spread false and defamatory information primarily on TikTok and Instagram about the Plaintiff's personal history and the MTS to discourage survivors from associating with Plaintiff, her organization, and/or utilizing the MTS.

14. On November 26, 2021, shortly after the MTS was launched and the Defendants' harassment began, an unknown individual attempted to hack into the MTS to obtain victims' personal data. Plaintiff's safeguards were able to detect and stop the hacking attempt, as well as capture the IP address used by the hacker. Plaintiff publicly posted the IP address in an attempt to identify the hacker.

15. Upon information and belief, and by her own admission, the IP address associated with the hacker belonged to Defendant Korslund.

16. On November 27, 2021, Defendant Kerns published a video on TikTok using the account @whatdoesitmatter. In the video, Kerns plays part of one of Plaintiff's videos explaining the MTS, and then states that: "if you are a victim of abuse do not interact with that message board in any way, it is not a secured site"; "all of her legal documentation is still pending"; "keep your information safe, she has already posted somebody's IP address in an effort to intimidate somebody." Defendant Kerns additionally points out that Plaintiff's video is copyrighted and should not be reproduced without permission and states that: "I did not get your approval to use this in anyway and I wanna see what you are going to do" and tells Plaintiff to "stop taking advantage of abuse survivors."

17. Defendant Kerns' statements are false, defamatory, and otherwise cast the Plaintiff in a false light. Plaintiff's website is secure, her organization has all

proper legal accreditation, and she has never publicly posted an IP address of a victim that was submitted to the MTS. Plaintiff does not take advantage of abuse survivors in any way. This video was later deleted by either TikTok or Defendant Kerns.

18. On November 29, 2021, Defendant Kerns published another video on TikTok using the account @whatdoesitmatter. Kerns again plays a portion of the Plaintiff's video explaining the MTS. Kerns added text over the video stating "Do NOT trust this website. Nothing is ever anonymous." Kerns goes on to state that the Plaintiff is "one of the most dangerous individuals [Kerns] has ever seen on this app." This video was later deleted by either TikTok or Defendant Kerns.

19. Defendant Kerns' statements are false, defamatory, and otherwise cast the Plaintiff in a false light. Plaintiff's MTS is an anonymous reporting portal and Plaintiff is not in any way dangerous or otherwise maliciously targeting victims of domestic violence.

20. Defendant Kerns has openly encouraged other TikTok users, including the other Defendants, to engage in harassing and defamatory conduct towards Plaintiff.

21. On November 27, 2021, Defendant Korslund published a video on TikTok, using the account @narctok_royalty, entitled "Leaked Data From

NoPeaceNoQuiet.org Ticketing System." The video publishes fake complaints submitted that, upon information and belief, the Defendants submitted to the MTS with the intent to harass the Plaintiff. This video is false, defamatory, and otherwise casts the Plaintiff in a false light before the public.

22. On November 29, 2021, Defendant Korslund published a video on TikTok to the account @narctok_royalty, in conjunction with a video posted by Defendant Kerns. Defendant Korslund placed text over the video stating: "When someone else and I had a issue [Plaintiff] then used my data/info from her website." The video is still available on TikTok at the following URL: https://www.tiktok.com/@narctok_royalty/video/7036127491538472239.

23. Defendant Korslund's statement on the video is false, defamatory, and otherwise casts the Plaintiff in a false light. Plaintiff has not released information submitted by Korslund or any other individual through the MTS.

24. On December 3, 2021, Defendant Korslund published a video on TikTok, using the account @narctok_royalty. Korslund plays a portion of Plaintiff's video explaining the MTS. The video is still available online at the following URL: https://www.tiktok.com/@narctok_royalty/video/7037588241091988783. In the video, Korslund states: "[the MTS] is not even close to being anonymous, you have

7

to give your info, and this woman doxxed my IP." Korslund then shows a series of screenshots of and concerning the Plaintiff as follows:

    a. A screenshot of Plaintiff's post regarding the hacker's IP address. Korslund goes on to state that Plaintiff did not design the MTS for victims but for "herself and her own motives" and that Plaintiff "is a very dangerous woman."

    b. A case summary of Mark Belmessieri v. Rachel DePalma 20CV370750 and later shows page 8 of the amended complaint filed in that case, detailing Belmessieri's third cause of action for intentional infliction of emotional distress.

    c. An edited text conversation allegedly between a "Mark" and "Diane" discussing what Defendants believed to be a restraining order against Plaintiff.  Plaintiff has never had a restraining order of any kind issued against her.

    25.    Defendant Korslund's video is false, defamatory, and otherwise casts the Plaintiff in a false light before the public, intended to convey that the Plaintiff is dangerous to domestic violence survivors. Mark Belmessieri v. Rachel DePalma was a personal injury and defamation case brought against Plaintiff by her abuser in 2020, which was swiftly dismissed. Plaintiff has never had a restraining order of any

kind issued against her. The MTS is anonymous, and Plaintiff has not released information submitted through that portal.

26. Defendant Korslund reiterates her statement that Plaintiff "doxxed" her IP address and has had restraining orders issued against her in a video published to the account @the.silliest.ho on December 4, 2021. A copy of the video is still available online at the following URL:

　　a. https://www.tiktok.com/@the.silliest.ho/video/7037928472706207023?is_copy_url=1&is_from_webapp=v1&lang=en

27. Defendant Korslund additionally posted a four-part series of videos on TikTok on December 8, 2021, to the @narctock_royalty account. In the videos, Korslund is allegedly speaking to a sheriff tasked with investigating a complaint filed by the Plaintiff. Korslund again reaffirms her claim that Plaintiff "doxxed" her IP address and that Plaintiff has been giving out misinformation to domestic abuse survivors. Korslund makes the additional assertion that Plaintiff took money from abuse survivors. The videos are still available online at the following URLs:

　　a. https://www.tiktok.com/@narctok_royalty/video/7039475956196871470

　　b. https://www.tiktok.com/@narctok_royalty/video/7039489665736412463

    c. https://www.tiktok.com/@narctok_royalty/video/7039517120732106031

    d. https://www.tiktok.com/@narctok_royalty/video/7039529805636734255

28. On November 30, 2021, Defendant Kirk published a video to the TikTok account @wholesomehealingatl. In the video, Kirk states that Plaintiff "doxxed somebody's IP address, this was somebody that was on her website nopeacenoquiet.org." Kirk goes on to state that the Plaintiff's website "is not secure…not encrypted, no security for you the user of the website," that users should use a VPN when visiting the website because "obviously [Plaintiff] is not using the data they are getting for good, in fact, they are using it to doxx people on the Internet which is something that [Kirk] is pretty sure is on their request form" and that Plaintiff "has been taking money from people." Kirk ends the video by referring to Plaintiff as a "con artist."

29. On November 30, 2021, Defendant Kirk published an additional video, on the TikTok account @wholesomehealingatl, responding to a viewer's comment. In the video, Kirk again states that Plaintiff "doxxed someone's IP address" and that using Plaintiff's website would be "unsafe."

30. On November 30, 2021, Defendant Kirk registered the domain name "noquietnopeace.org" for the purpose of creating harassing and defamatory content about the Plaintiff. The website stated that: "all I want to say is that you…do not need an off app misconduct ticketing system to protect you. The owner of that app is abusive and got upset when other abuse survivors asked legitimate questions;" "that ticketing system is not safe. The owner of that organization has doxed people that are members of her site. If she did it to them, she will do it to you."

31. On the "noquietnopeace.org" website, Defendant Kirk additionally insinuates that Plaintiff takes "advantage of abuse survivors and victims on social media." She created a form on the website that she called a "Smear Campaign Misconduct Ticketing System."

32. Shortly after creating the "noquietnopeace.org" website, Defendant Kirk admitted to creating the website in TikTok videos published to the @wholesomehealingatl account and for the express purpose of harassing Plaintiff. A copy of the video is available at the following URL: https://www.tiktok.com/@reallaurinda/video/7036480475006864686?is_copy_url=1&is_from_webapp=v1&lang=en.

33. In at least one video, Kirk states that Plaintiff is personally accepting donations from individuals through her organization.

34. All of Defendant Kirk's statements in her videos and the websites are false, defamatory, and/or otherwise cast the Plaintiff in a false light. The Plaintiff does not accept money through the MTS or otherwise require payments to be made to her organization, does not release personal information submitted through the MTS, and is not dangerous or otherwise take advantage of domestic violence survivors.

35. On December 9, 2021, Defendants Korslund and Kirk participated in a live video session on Instagram discussing the Plaintiff. During the live stream, Korslund and Kirk stated that Plaintiff has multiple lawsuits against her, Plaintiff's website is not secure, and that "people paid [Plaintiff] money to make [the MTS]."

36. Since January 2022, Defendant Kirk deleted the noquietnopeace.org website and has deleted most of her known social media accounts. Defendant Kerns' TikTok account, @whatdoesitmatter, was deleted either by TikTok or by Kerns herself. Defendant Korslund's TikTok accounts, @narctok_royalty, @the.silliest.ho, and @jadalous, are still active.

37. The aforementioned statements published by Defendants were all designed specifically to spread false information about Plaintiff, her organization, and the MTS in an effort to destroy Plaintiff's reputation and encourage other domestic violence survivors to distrust Plaintiff and the services she provides.

38. Specifically, Defendants' statements attempt to paint Plaintiff as someone who will disseminate sensitive personal information about domestic dispute survivors, for no apparent reason, and who will put domestic abuse survivors in a worse position.

39. Defendants' false statements are designed to interfere with Plaintiff's personal life and to injuriously affect her in her trade and profession.

40. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered injury to her reputation, shame, mortification, mental anguish and injury to her feelings. Plaintiff has been repeatedly questioned by individuals, both within her organization and outside her organization, about these accusations, which has caused a significant lowering of Plaintiff's reputation within the domestic abuse support community.

41. The false statements by Defendants have caused Plaintiff to experience significant mental anguish and disruption of her daily life. Plaintiff has experienced depressive thoughts, anxiety, and general distress every time Defendants post a video, living in fear of what defamatory allegations Defendants will publish next. The Defendants' actions have significantly prevented Plaintiff from living her life.

42. This reputational harm has prevented Plaintiff from growing her organization, and has prevented Plaintiff from pursuing various partnerships and

other opportunities for her organization. Simply put, Plaintiff has been prevented from pursuing her life's work as a result of this malicious defamatory campaign.

43. Additionally, Plaintiff has suffered a significant amount of pecuniary harm, including expending numerous resources dealing with the false reports and attacks on her website which, upon information and belief, were carried out by followers of the Defendants.

## COUNT I
### (O.C.G.A. § 51-5-1(a) Defamation – Libel and Libel Per Se)

44. Plaintiff incorporates and realleges every allegation set forth above as though fully set forth herein.

45. Defendants have intentionally published false and defamatory statements of and concerning the Plaintiff to third parties via the Defendants' respective social media accounts.

46. Defendants' defamatory statements are as follows: Plaintiff's MTS is not secure, Plaintiff has published personal information submitted through the MTS, Plaintiff accepted money from domestic violence victims to create the MTS, Plaintiff is a con artist, Plaintiff is taking advantage of and/or is dangerous to domestic violence victims, Plaintiff has been the subject of multiple lawsuits, and Plaintiff has had restraining orders issued against her.

47. The above statements are defamatory because they tend to injure the Plaintiff's reputation and expose her to public hatred, contempt, or ridicule.

48. The defamatory statements are false because Plaintiff's MTS system is secure, Plaintiff has not released personal information submitted through the MTS, Plaintiff has not accepted money to create the MTS or otherwise taken advantage of domestic violence victims, Plaintiff is not engaged in criminal activity, and Plaintiff has not had any restraining orders issued against her.

49. The defamatory statements are defamatory per se as they tend to injure the Plaintiff in her trade, occupation, or business.

50. Defendants published the False Statements without privilege.

51. Defendants published the defamatory statements with knowledge that the statements were false, with actual malice, or at least with negligence as to their falsity.

52. As a direct result of Defendants' statements, Plaintiff has suffered significant reputational, mental, emotional, and actual damages in excess of $75,000, the full amount of which will be proven at trial.

## COUNT TWO
### (Invasion of Privacy – False Light)

53. Plaintiff incorporates and realleges every allegation set forth above as though fully set forth herein.

54. Defendants' falsely published statements about the Plaintiff depict the Plaintiff as taking advantage of and being dangerous to domestic violence survivors.

55. Defendants' statements have placed the Plaintiff in a false light before the public.

56. Plaintiff has not taken advantage of domestic violence survivors and is not dangerous to that community. On the contrary, Plaintiff has devoted her career to assisting and supporting victims of domestic violence.

57. The false light in which the Plaintiff was placed would be highly offensive to a reasonable person.

58. Defendants published the statements with knowledge that the statements were false, with actual malice, or at least with negligence as to their falsity.

59. As a direct result of Defendants' statements, Plaintiff has suffered significant reputational, mental, emotional, and actual damages in excess of $75,000, the full amount of which will be proven at trial.

## COUNT III
### (Civil Conspiracy)

60. Plaintiff incorporates and realleges every allegation set forth above as though fully set forth herein.

61. Defendants acted maliciously and in concert in publishing the False Statements about the Plaintiff.

62. Defendants acted in combination with the purpose of accomplishing an unlawful end, i.e., publishing libelous statements about the Plaintiff and/or casting Plaintiff in a false light before the public to damage Plaintiff's reputation in the community.

63. Defendants each agreed upon and/or engaged in a common design by repeatedly defaming Plaintiff and/or casting her in a false light before the public.

64. As a direct result of Defendants' False Statements, Plaintiff has suffered significant reputational, mental, emotional, and actual damages in excess of $75,000, the full amount of which will be proven at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, based on the foregoing, Plaintiff Rachel DePalma demands judgment in her favor and against Defendants Samantha Kerns, Tracy Korslund, and Laurinda Kirk on all counts, jointly and severally, as follows:

a. Issuance by this Court of an Order decreeing that the False Statements regarding Plaintiff are false and defamatory;

b. Injunctive relief that the Defendants are:

     i. prohibited from creating or publishing statements regarding Plaintiff, which defame, disparage, or contain libelous statements regarding Plaintiff; and

     ii. ordered to take all actions necessary to remove all of the False Statements published from the Internet, including but not limited to, requesting removal of the False Statements from the Facebook pages of all Defendants and all groups Defendants are associated with;

c. Actual and/or compensatory damages in an amount to be proven at trial;

d. Pre- and post-litigation Interest at the maximum rate provided by law;

e. Reasonable attorney's fees to the extent permitted by law;

f. Costs of this action; and

g. For any and all other relief as this Court may deem Plaintiff just and proper.

## **JURY TRIAL DEMANDED**

Plaintiff hereby demands a trial by jury on all claims for relief and issues triable by jury.

Respectfully submitted this 2nd day of March, 2022.

                                         */s/* Olga Izmaylova
                                         Andrew Stebbins
                                         (pro hac vice application to be filed)
                                         MINC LAW
                                         200 Park Avenue, Suite 200
                                         Cleveland, Ohio 44122
                                         p. (216) 373-7706
                                         f.  (440) 792-5327
                                         astebbins@minclaw.com

                                         Olga Izmaylova
                                         Georgia State Bar No. 666858
                                         SABBAK & IZMAYLOVA, P.C.
                                         1875 Old Alabama Road, Suite 510
                                         Roswell, Georgia 30076
                                         p. (404) 793-7773
                                         f.  (770) 797-5887
                                         olga@silawatl.com

                                         *Attorneys for Plaintiff*