IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| RACHEL DEPALMA,<br><br>              Plaintiff,<br><br>v.<br><br>SAMANTHA KERNS, et al.<br><br>              Defendants. | CASE NO. 5:22-CV-00091 |

**ORDER PROTECTING DISCOVERY RESPONSES AND
COMPELLING PLAINTIFF TO SUPPLEMENT DISCOVERY RESPONSES**

THE COURT ALERTS THE PARTIES THAT IT HAS ADDED A FINAL PARAGRAPH TO THIS PROTECTIVE ORDER THAT WAS NOT INCLUDED IN THE STIPULATED ORDER SUBMITTED TO THE COURT.

The attorneys for the parties appeared before this Court on August 11, 2022 for a status conference to discuss various issues concerning discovery in this case including a protective order to protect certain information disclosed by the parties during discovery as well as Plaintiff Rachel DePalma's responses to the discovery served upon her by Defendants Samantha Adamo (f/k/a Kerns) and Laurinda Kirk. As discussed at the status conference, it is hereby ORDERED as follows:

    1.    No party, either personally or through their agents or attorneys, shall publish to the Internet any "Disclosure or Discovery Material," a term which shall mean for purposes of this Order any documents or information that is generated, produced or disclosed in disclosures or discovery of this matter. The purpose of this Paragraph is to prevent the parties from publishing documents or information that would not be in the possession or knowledge of the parties but for the production or disclosure of the same in the course of disclosure or discovery in this litigation. This Order does not prohibit the publication of information or documents of which a party has knowledge of or is in possession of from a source independent of disclosures or discovery of this

matter, so long as such publication does not reference or allude to the use or disclosure of said information or documents in the course of disclosures or discovery in this matter. For purposes of this Order, a party will be in violation of this Paragraph if he/she/they provide Disclosure or Discovery Material to a third party and direct or induce said third-party to publish the Disclosure or Discovery Material to the Internet. For purposes of this Order, the phrase "publish to the Internet" shall have its ordinary meaning and expressly be inclusive of, but not limited to, a party's publication of Disclosure or Discovery Material to social media websites, such as TikTok, Twitter, Snapchat, Instagram, Facebook, or any other social media website which any party or their agents or attorneys is a user, as well as the re-posting or sharing of content originally published by third-parties. If any party believes that content published by another party ("Publishing Party") violates this Paragraph, the attorneys for the parties shall meet and confer within a reasonable time in an effort to resolve any disputes, prior to seeking the Court's involvement. This provision shall remain in effect until the conclusion of the proceedings in this matter.

2.  Any party that produces discovery material in this action ("Producing Party") may designate as "Confidential" (by marking the relevant page(s) or items with the text "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER") any document or response to discovery which the Producing Party believes in good faith to meet the following definition of "Confidential Information": (1) the information consists of (i) personal identifying information including social security numbers, financial account numbers, dates of birth, physical addresses, account login information, personal income, current employer(s), and unlisted telephone numbers; and (ii) medical information, such as medical provider impressions, records and other non-billing information, and, for purposes of this definition it is expressly understood that the term "medical information" is inclusive of information related to mental health care or counselling, and "medical provider" shall include any and all mental health professionals, such as psychologists, licensed

social workers, licensed clinical counsellors, licensed family therapists, and any and all other types of mental health providers. Where a document or response consists of more than one page, the first page and each page on which confidential information appears shall be so designated information.

      3.      A Producing Party may designate information disclosed during a deposition or in response to written discovery as "Confidential" by so indicating in said response or on the record at the deposition and requesting the preparation of a separate transcript of such material. Additionally, a Producing Party may designate in writing, within twenty (20) days after receipt of said responses or of the deposition transcript for which the designation is proposed that specific pages of the transcript and/or specific responses be treated as Confidential Information. Any other party may object to such proposal, in writing or on the record. Upon such objection, the parties shall follow the procedures described in Paragraph 7 below. After any designation made according to the procedure set forth in this paragraph, the designated documents or information shall be treated according to the designation until the matter is resolved according to the procedures described in Paragraph 7 below, and counsel for all parties shall be responsible for marking all previously unmarked copies of the designated material in their possession or control with the specified designation. In addition to that which is designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" in a deposition transcript, including exhibits thereto, deposition transcripts themselves shall not be published in any media absent written agreement of the parties or Order of Court.

      4.      Except with the prior written consent of other parties, or upon prior order of this Court obtained upon notice to opposing counsel, Confidential Information shall not be disclosed to any person other than:

      a)      Persons who appear on the face of Designated Discovery Material as an author, addressee, or recipient thereof;

b) Counsel of Record;

c) Outside Consultants of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Certification" attached hereto as Exhibit A;

d) Witnesses at deposition and/or trial, provided that such witnesses may not retain copies of Designated Discovery Material unless permitted by other provisions of this Order;

e) The Court and its personnel;

f) Any designated arbitrator or mediator who is assigned to hear this matter, and his or her staff, who have signed the "Certification" attached hereto as "Exhibit A";

g) Court reporters and videographers; and

h) Professional Vendors to which disclosure is reasonably necessary for this litigation and a representative of which has signed the "Certification" attached hereto as "Exhibit A".

5. Any persons receiving Confidential Information shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein.

6. A party may designate as "Confidential" documents or discovery materials produced by a non-party if the documents or discovery materials contain "Confidential Information" with respect to the designating party as set forth in Paragraph 2, by providing written notice to all parties of the relevant document numbers or other identification within 5 days after receiving such documents or discovery materials. Within 20 days after receipt of copies of documents produced by a non-party a Party may designate Confidential as described in paragraph 2, *supra*, be redacted on documents produced by non-parties.

7. No Confidential Information may be filed with the Court, unless under seal. No party or non-party shall file or submit for filing as part of the Court record any documents that are designated Confidential under seal without first obtaining leave of Court or consent of the party who disclosed the Confidential Information during discovery. Any information that has been redacted pursuant to paragraph 2, *supra*, or designated for redaction, pursuant to paragraph 5, *supra*, shall not be filed, even under seal, unless they remain redacted, unless if otherwise ordered by the Court.

8. If a party contends that any material is not entitled to Confidential treatment and/or redaction, such party may at any time give written notice to the Producing Party who designated the material as Confidential, or designated information to be redacted, and shall particularly identify the document(s) or information the receiving party contends should be designated differently. Within seven (7) calendar days of the receipt of challenge, counsel for the Producing Party and receiving party shall meet and confer in an effort to resolve any disputes. As a part of the meet and confer process, the Producing Party shall advise the challenging party of its good faith basis for the Confidential designation and/or basis for redaction, including any federal or state law or other applicable privilege or right relating to confidentiality or privacy that the Producing Party asserts supports the Confidential designation and/or redaction. If agreement cannot be reached, the Producing Party who designated the material as Confidential and/or to be redacted shall have fourteen (14) days from the receipt of the written notice of challenge to apply to the Court for an order designating the material as Confidential and/or to be redacted. The Producing Party seeking the order has the burden of establishing that the document is entitled to protection under the terms of this Protective Order. A party shall not be obligated to challenge the propriety of a Confidential designation and/or redaction at the time made, and the failure to do so shall not preclude a subsequent challenge thereto.

9. Notwithstanding any challenge to the designation of material as Confidential Information and/or to be redacted, all documents shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs:

(a) the Producing Party that claims that the material is Confidential and/or should be redacted withdraws such designation in writing; or

(b) the Producing Party that claims that the material is Confidential Information and/or should be redacted fails to apply to the Court for an Order designating the material Confidential and/or to be redacted within the time period specified above after receipt of a written challenge to such designation; or

(c) the Court rules the material is not Confidential and/or should not be redacted.

10. All provisions of this Order restricting the communication or use of Confidential Information and/or redacted documents shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered. Upon conclusion of the litigation, a party in the possession of Confidential Information and/or redacted documents, other than that which is contained in pleadings, correspondence, and deposition transcripts, shall either (a) return such documents no later than fourteen (14) days after conclusion of this action to counsel for the party or non-party who provided such information, or (b) destroy such documents within the time period upon consent of the party who provided the information and certify in writing within sixty (60) days that the documents have been destroyed. Notwithstanding this provision, Counsel of Record may retain an archival copy of all pleadings, motion papers, deposition transcripts (including exhibits), exhibits offered or introduced into evidence at trial, legal memoranda, correspondence or attorney work product, even if such materials contain designated Confidential Information. Any such archival copies that contain or constitute Confidential Information remain subject to this Order.

11. The terms of this Order do not preclude, limit, restrict, or otherwise apply to the use

of documents at trial.

12. Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.

13. This Court will retain jurisdiction over this matter and will resolve all disputes that cannot be resolved by counsel.

ADDED BY THE COURT: The Court finds that good cause exists for the entry of this order with the following condition. Notwithstanding anything to the contrary in the foregoing order, the Court finds that it shall not apply to exclude evidence from public disclosure when that evidence is relied upon in support of or opposition to any motion or relevant in any hearing or trial. If a party seeks to rely upon any evidence covered by this protective order in support of or in opposition to any motion or during any hearing or trial, that party shall notify the opposing party at least 14 days prior to filing the motion and/or 14 days prior to the hearing or trial. The opposing party shall have 7 days to respond objecting to the public disclosure of the information, and the opposing party shall also file a motion to allow the materials to be filed under seal, which shall state a compelling reason in support of that motion. The Court will closely scrutinize any such requests at that time, with the presumption that any evidence shall be part of the public record. Accordingly, when materials are to be used in the foregoing manner, a party will not be allowed to file the materials under seal simply because they are covered by this discovery protective order.

SO ORDERED this 29th day of August, 2022.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

**Exhibit A**

**Certification**

I, _____, hereby state that I have been retained in the matter of Rachel DePalma v. Samantha Kerns, et al.  I certify that I have reviewed the Protective Order, entered into by the parties and ordered by the Court, and hereby agree to be subject to the same terms, conditions, and restrictions as the parties to this matter.

_____                                                                         _____
DATE                                                                                              NAME

CL2:532833_v1