IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| RACHEL DEPALMA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:22-cv-91 (MTT) |
| | ) |
| SAMANTHA KERNS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

### ORDER

Plaintiff Rachel DePalma filed this action against Defendants Samantha Kerns, Laurinda Kirk, and Tracy Korslund on March 2, 2022.  Doc. 1.  In her complaint, DePalma contends the defendants are jointly and severally liable for defamation, false light, and civil conspiracy based on the defendants' publication of false and defamatory statements on TikTok and Instagram.  *Id.* at 14-18.  Defendants Kerns and Kirk timely filed an answer and are defending the case.  Docs. 7; 13.

Despite this case being in the early stages of discovery, DePalma, Kerns, and Kirk—who are all represented by counsel—appear to be simultaneously litigating this case—poorly, obnoxiously, and counter to their interests—through their personal social media accounts.  The Court convened a status conference on August 11, 2022, to address the issue and discuss whether a protective order was appropriate.  Doc. 18.  The parties conferred and submitted a proposed protective order which the Court entered with minor modifications.  Doc. 19.  Nonetheless, the problems continue, with both the plaintiff's and the defendants' counsel directing the Court to a dizzying array of

TikTok videos where their clients discuss various aspects of the case, and air their own personal grievances.  Now, DePalma contends several of these videos, apparently published by Kerns and Kirk, constitute a threat and that because of that threat, she no longer feels safe to attend her noticed deposition in the State of Georgia.  In response, Kerns and Kirk direct the Court to videos apparently published by DePalma, which they contend undermines DePalma's safety concerns.

"A district court has inherent powers to manage its affairs in order to achieve the orderly and expeditious disposition of cases." *Obukwelu v. Bd. of Trustees Fla. State Univ.*, 837 F. App'x 686, 687 (11th Cir. 2020) (citing *In re Mroz*, 65 F.3d 1567, 1575 (11th Cir. 1995)).  "The United States Supreme Court has held that in addition to the sanctions provisions in the Federal Rules of Civil Procedure and federal statutes, federal courts possess the inherent power to sanction parties and attorneys who conduct litigation in bad faith or who perpetrate fraud on the court." *Qantum Commc'ns Corp. v. Star Broad., Inc.*, 473 F. Supp. 2d 1249, 1268 (S.D. Fla. 2007) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–51 (1991).  "The key to unlocking a court's inherent power is a finding of bad faith … Bad faith exists when the court finds that a fraud has been practiced upon it, or that the very temple of justice has been defiled, or where a party or attorney knowingly or recklessly raises a frivolous argument, delays or disrupts the litigation, or hampers the enforcement of a court order." *Id.* at 1268 (internal quotation marks and citations omitted).

After a preliminary review of the social media posts submitted by the plaintiff's and the defendants' counsel with respect to this latest discovery dispute, it is clear to the Court that none of the parties have clean hands.  Accordingly, Kirk is hereby

**ORDERED TO SHOW CAUSE**, why she should not be sanctioned for litigation misconduct.  **A hearing is set for October 6, 2022, at 09:00 AM in Macon**.  The hearing will occur in-person.  **Kirk SHALL attend the hearing**.  At the hearing, the plaintiff **SHALL** provide the Court with evidence of all social media posts, or other relevant conduct, that she thinks warrants sanctions.  Kirk **SHALL** post no further information related to this case, the Court, or the parties to this case.  Finally, Kirk **SHALL** not delete or otherwise restrict her social media accounts until this matter has been addressed by the Court.

Failure to comply with this order may result in sanctions including striking Kirk's answer and a finding of contempt.

**SO ORDERED**, this 21st day of September, 2022.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
