IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| RACHEL DEPALMA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:22-cv-91 (MTT) |
| | ) |
| SAMANTHA KERNS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

### SANCTIONS ORDER

David Brooks is, among other things, a cultural commentator. In our factional times, no commentator enjoys anything close to across the spectrum appeal. But Mr. Brooks is probably viewed favorably by a broader swath of Americans than most. For those concerned about the state of civility—and all of us should be—his recent column exploring the answer to the question "How Did America Get So Mean?" is a must read.[1]

This libel and slander case has devolved into a particular form of meanness—social media harassment. Without question, the internet serves "as a whetstone for the weapons of calumny."[2] But the meanness here is found not in the allegedly defamatory statements, which are legally innocuous. Rather, the meanness started when the parties turned to the internet as an adjunct to conventional means of litigation. They traded viscous and juvenile sallies that once would have mortified even the most crude.

---

[1] *See* David Brooks, *How Did America Get So Mean?* THE ATLANTIC (Aug. 14, 2023), https://www.theatlantic.com/magazine/archive/2023/09/us-culture-moral-education-formation/674765/.

[2] WINSTON S. CHURCHILL, MARLBOROUGH: HIS LIFE AND TIMES 381 (George G. Harrap & Co. Ltd. 1947) (Book One, Consisting of Vols. I and II of the Original).

They seemed intent on proving that words, like sticks and stones, can indeed inflict pain and injury.  Perhaps such intercourse is for many the lingua franca of social media, but that does not make it right.  As sanctions motions flew, the Court ordered each party to appear and show cause why they should not all be sanctioned for "litigating this case—poorly, obnoxiously, and counter to their interests—through their personal social media accounts."  Docs. 20 at 1; 21 at 1; 22 at 1.  At that sanctions hearing, the Court played a compilation of their misbehavior.  *See* Doc. 27, Court's Exhibit 1.  While the lawyers appropriately squirmed as they watched their clients do their worst, the Court was not convinced the parties understood the problem.  Hence this Sanctions Order.

## I. DISCUSSION

Plaintiff Rachel DePalma—a self-proclaimed social media influencer, litigation advisor, and domestic abuse advocate—filed this action against Defendants Samantha Adamo (f/k/a Kerns), Laurinda Kirk, and Tracy Korslund alleging defamation, false light invasion of privacy, and civil conspiracy for statements they made in videos posted to TikTok and Instagram.[3]  Docs. 33-1 ¶ 1; 40-1 ¶¶ 1-2; 40-2 ¶ 1.  Defendant Korslund failed to answer and is in default.  Docs. 14; 17.  The remaining defendants, Adamo and Kirk, were granted summary judgment on all claims.  Doc. 45.  They now seek sanctions totaling $117,314.82 pursuant to Fed. R. Civ. P. 11(c).[4]  Docs. 42; 42-1 at 11.  The defendants argue that "it is clear that Plaintiff's Complaint had no reasonable factual basis and is based on legal theories that had no reasonable chance of success."

---

[3] As implausible as it may seem given the abuse they have doled out, all three combatants claim to be advocates for victims of domestic abuse.  And DePalma says she teaches others how to initiate legal proceedings for what she considers online bullying and harassment.  Doc. 33-3 at 59:12-22.

[4] As noted, the Court has also ordered all parties to each show cause why they should not be sanctioned. Docs. 20; 21; 22.

Doc. 42-1 at 11.  They also argue it is "obvious that the Complaint was filed solely for the purpose of harassing the Defendants."  *Id.*

To issue sanctions under Rule 11, the Court must first find a Rule 11(b) violation.[5]  But even if a party violates Rule 11(b), it does not follow that sanctions are always appropriate.  *See* Fed. R. Civ. P. 11 advisory committee's note to 1993 amendment.  Rather, whether to sanction is committed to the discretion of the district court.  *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990); *see also Andretti v. Borla Performance Industries, Inc.*, 426 F.3d 824, 834 (6th Cir. 2005) (declining to impose sanctions where the parties were equally at fault).  The Court denies the defendants' motion for two reasons.

First, the evidence, though not sufficient to create a triable issue of fact, was not so weak to suggest the absence of any reasonable basis in fact.  And while perhaps DePalma did not exercise the best judgment when she filed her complaint, that does not necessarily warrant Rule 11 sanctions.  *See Davis v. Carl*, 906 F.2d 533, 537 (11th Cir. 1990) (stating Rule 11 sanctions are warranted when a party demonstrates "deliberate indifference to obvious facts" that a case lacks merit, but not when the evidence is merely weak or the case is brought as a result of "poor judgment."); *see also Thompson v. RelationServe Media, Inc.*, 610 F.3d 628, 665 (11th Cir. 2010) (explaining even weak and self-serving evidence is enough support to preclude Rule 11 sanctions).

---

[5] Rule 11 sanctions are proper: "(1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading in bad faith for an improper purpose."  *See Johnson v. 27th Ave. Caraf, Inc.*, 9 F.4th 1300, 1314 (11th Cir. 2021) (citing *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998)).

Second, the defendants rely primarily on DePalma's out of court conduct to demonstrate "improper purpose," and DePalma argues that conduct is beyond the scope of Rule 11.  Doc. 43.  The Court takes DePalma's point but not quite in the way she intended.  The primary problem with the defendants' reliance on DePalma's out of court conduct is that their own out of court conduct was at least as reprehensible as DePalma's.  *See* Doc. 27, Court's Exhibit 1; *see also* Docs. 20; 21; 22 ("After a preliminary review of the social media posts submitted by the plaintiff's and the defendants' counsel … it is clear to the Court that none of the parties have clean hands.").  It would not be fair to sanction only DePalma when the defendants themselves are guilty.  Accordingly, the defendants' motion for sanctions (Doc. 42) is **DENIED**.

Although Rule 11 sanctions are not warranted, there remains the question of whether the Court, pursuant to its show cause order, should sanction each party.[6]  Docs. 20; 21; 22.  The exhibits identified by the parties at the show cause hearing demonstrate that DePalma, Kerns, and Adamo have acted in bad faith.  Docs. 26; 27.  They continued their bad faith conduct notwithstanding their respective attorneys' efforts to make them stop.  Accordingly, the Court finds that sanctions are necessary and appropriate.

---

[6] In addition "to the sanctions provisions in the Federal Rules of Civil Procedure and federal statutes," the Supreme Court has held that "federal courts possess the inherent power to sanction parties and attorneys who conduct litigation in bad faith or who perpetrate fraud on the court."  *Qantum Commc'ns Corp. v. Star Broad., Inc.*, 473 F. Supp. 2d 1249, 1268 (S.D. Fla. 2007) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-51 (1991)).  "The key to unlocking a court's inherent power is a finding of bad faith … Bad faith exists when the court finds that a fraud has been practiced upon it, or that the very temple of justice has been defiled, or where a party or attorney knowingly or recklessly raises a frivolous argument, delays or disrupts the litigation, or hampers the enforcement of a court order."  *Id.* at 1268 (internal quotation marks and citations omitted).

For DePalma, Kerns, and Adamo, "How Did America Get So Mean" is now a must read.  Each shall obtain the article by proper means, study it carefully, and write a paper examining and critiquing Mr. Brooks's thesis and the grounds for that thesis.  Each shall sign her paper and by her signature affirm, under penalty of perjury, that she alone, without the aid of outside intelligence, artificial or otherwise, prepared the paper.  The paper shall consist of no fewer than 2,000 words.  The parties need not agree with Mr. Brooks's thesis.  But the parties should bear in mind that the Court shall review their work to determine whether the Court's sanctions have had the desired remedial effect and, if not, whether further sanctions are necessary.  Each file her paper ex parte no later than **THIRTY (30) DAYS** from the entry of this Order.

**SO ORDERED**, this 21st day of September, 2023.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
