IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| RACHEL DEPALMA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO. 5:22-CV-00091-MTT |
| | : | |
| SAMANTHA KERNS, TRACY KORSLUND and LAURINDA KIRK, | : | |
| | : | |
| Defendants. | : | |

**BRIEF IN SUPPORT OF DEFENDANTS'
MOTION FOR RECONSIDERATION OF SANCTIONS ORDER**

COME NOW Defendants Samantha Adamo (f/k/a Kerns) and Laurinda Kirk (collectively, "Defendants") and file this their Brief in Support of Defendants' Motion for Reconsideration of Sanctions Order in the above styled matter and further show this Court as follows:

I. RELEVANT PROCEDURAL AND FACTUAL BACKGROUND.

On September 21, 2023, the same day on which this Court entered an Order granting Defendants' motion for summary judgment in this case, the Court also entered a Sanctions Order denying Defendants' motion for sanctions against Plaintiff and instead sanctioning all parties to write a report based on a recent column in The Atlantic entitled "How America Got Mean" in which the author, David Brooks, discusses the decline of "moral formation" in society and how to rectify that. The Court's order was inspired by the social media back and forth between the parties that was brought to the Court's attention during these proceedings which lead to show cause orders issued to all parties on September 21, 2022 followed by a hearing held on October

6, 2022 at which the Court admonished the parties for their online behavior and instructed them to stop it or risk further consequences.

The Defendants, then and now, are mindful of the Court's distaste with their social media posting and have refrained from posting about this case or Plaintiff on social media as directed by the Court in its Order of September 21, 2022.  Unfortunately, both the Court's and Mr. Brooks' words have fallen on deaf ears where Plaintiff is concerned.  She has remained as defiant and contemptuous as she ever has been not only posting about the case on social media in disregard of the Court's order but posting baseless conspiratorial accusations about Defendant Adamo, threatening her with new litigation in California and attempting to intimidate anyone who makes even the most innocuous comment about this case following the judgment for the Defendants.

II. <u>ARGUMENT AND EVIDENCE.</u>

Since the entry of the Court's Sanctions Order on September 21, 2023, Plaintiff has repeatedly violated the Court's order not to post about the case and has engaged in ongoing behavior on social media which fully demonstrates her bad faith intent to continue to harass the Defendants both in and out of court.  Additionally, Defendants respectfully believe that the Court omitted to consider Plaintiff's off social media conduct towards Defendants in denying Defendants' Motion for Sanctions.  It is also abundantly clear that the Court's Sanctions Order has not had the remedial effect on Plaintiff that the Court desired.

Further sanctions are necessary against Plaintiff due to her previous and ongoing improper behavior.  Therefore, Defendants request that the Court reconsider its decision to deny Defendants' Motion for Sanctions and enter an order imposing monetary sanctions against

Plaintiff in the amount previously requested by Defendants or for such other amount as the Court deems just and appropriate under the circumstances.

    A. <u>Plaintiff has continued to engage in behavior which demonstrates her bad faith intent to harass Defendants</u>.

Almost immediately following the entry of the Court's Order granting Defendants' motion for summary judgment and Sanctions Order, Plaintiff embarked on a social media tirade falsely claiming that Defendant Adamo and others who are not parties to this lawsuit have been harassing her and threatening to sue Defendant Adamo, who is a Georgia resident, in California. In particular, on September 24, 2023, just three (3) days after the Court's orders were entered, Plaintiff posted a video on Tik Tok falsely claiming that Defendant Adamo has been harassing her, demanding that she stop harassing her and threatening to sue Defendant Adamo in California. See:

https://www.tiktok.com/@love.and.justice/video/7282370877092678942?lang=en[1]

Since Defendants have faithfully abided by the Court's instruction not to litigate this case on social media, Plaintiff instead claims that others are posting "on behalf of Defendant Adamo" and "circumventing [the Court's] order for her" in an attempt to support her fallacious claim that Defendant Adamo has been harassing her. See:

https://www.tiktok.com/@love.and.justice/video/7290029224721730847?lang=en

---

[1] Hyperlinks to Plaintiff's posts are included here because, sometime subsequent to the show cause hearing held on October 6, 2022, Plaintiff apparently changed the settings for her Tik Tok account disabling the ability to download her videos likely because of Defendants' counsel's use of her videos as evidence in this litigation. But, if the Court would prefer for copies of the videos to be filed, Defendants' counsel will attempt to obtain same for filing.

Plaintiff has also posted a number of videos on Tik Tok in an apparent effort to intimidate others who have commented about the judgment in favor of the Defendants by re-posting their comments in videos captioned "Documentation" and "For Documentation Purposes" in which Plaintiff states that she is posting the particular comments "for documentation purposes." See:

https://www.tiktok.com/@love.and.justice/video/7281986421567573279?lang=en

https://www.tiktok.com/@love.and.justice/video/7281986927924907295?lang=en

https://www.tiktok.com/@love.and.justice/video/7281991076343287071?lang=en

https://www.tiktok.com/@love.and.justice/video/7281992922050858270?lang=en

https://www.tiktok.com/@love.and.justice/video/7281993793631571230?lang=en

https://www.tiktok.com/@love.and.justice/video/7282112815144406302?lang=en

https://www.tiktok.com/@love.and.justice/video/7282113456852061470?lang=en

https://www.tiktok.com/@love.and.justice/video/7282532332316249387?lang=en

Among the videos that Plaintiff posted "For Documentation Purposes" is a video in which Plaintiff falsely claims that her former volunteer, Ashly Howard, who was identified as a witness in this case and who Plaintiff recently sued in California, has been harassing Plaintiff on Defendants' behalf. See:

https://www.tiktok.com/@love.and.justice/video/7290196711266340127?lang=en

In videos which Plaintiff posted on Tik Tok on October 15 and 16, 2023, Plaintiff attempts to justify her posts about the case despite understanding that she should not be posting about it claiming that her local police department advised her to "document the harassment that is happening on social media." See:

https://www.tiktok.com/@love.and.justice/video/7290244082444668191?lang=en

https://www.tiktok.com/@love.and.justice/video/7290548568346152223?lang=en

Tellingly, in the first video above, Plaintiff acknowledges that she has been posting about the case on social media while the Defendants have not.

Despite Plaintiff's tacit admission that Defendants have not harassed her as she claims, Defendants are nonetheless concerned that Plaintiff's misguided public threats to sue Defendant Adamo are not mere saber rattling. Plaintiff has recently sued two other individuals (including Ms. Howard) who, Defendants understand, are likewise not California residents in California for allegedly harassing her on social media. See:

> Rachel DePalma vs. Tammy Sullivan; Superior Court of California, County of Santa Clara; Case No. 23CH011825; and
>
> Rachel DePalma vs. Ashly Howard; Superior Court of California, County of Santa Clara; Case No. 23CH011589.

Plaintiff's obvious intent in filing such a lawsuit against Defendant Adamo is not because of any actual harassment by Defendant Adamo or threat to Plaintiff but rather to inflict more financial damage on Defendant Adamo by forcing her to hire an attorney to defend herself in a distant court which has no jurisdiction over her against claims which have no factual basis whatsoever. And, if there was ever any doubt about Plaintiff's bad faith in filing this lawsuit or her intent to continue to harass the Defendants, on October 11, 2023, Plaintiff posted a video on Tik Tok which includes the statement "**It was never about winning** . . ." adding ". . . it was just a stepping stone for something far greater." See:

> https://www.tiktok.com/@love.and.justice/video/7288715409799351582?lang=en

Plaintiff is a burgeoning serial litigant who has shown nothing but disregard and contempt for the Court's instructions. Her harassment of the Defendants, both in and out of court, will not stop after this lawsuit ends unless harsher sanctions are imposed against her. Therefore, Defendants respectfully request that the Court reconsider its order denying

Defendants' motion for sanctions and issue further sanctions against Plaintiff to deter her from continuing to engage in such bad faith conduct.

    B. <u>The Court omitted to consider evidence of Plaintiff's off social media conduct toward Defendants in denying Defendants' motion for sanctions.</u>

In its Sanctions Order, the second reason that the Court gave for denying Defendants' motion for sanctions is the Court's opinion that "their own out of court conduct was at least as reprehensible as DePalma's." In so holding, the Court referenced the social media posts it compiled in the exhibit the Court presented at the show cause hearing held on October 6, 2022. Respectfully, though, as Defendants' counsel informed the Court at the hearing on October 6, 2022, Plaintiff's conduct went far, far beyond the "flame war" between the parties on social media. Plaintiff quite literally tried to destroy Defendants' lives. In particular:

- Plaintiff filed multiple false reports to the FBI complaining about Defendants including a report falsely claiming that Defendant Adamo was connected to an individual known for "tracking down bad people" who was on her payroll and who showed up in California intending to "intimidate, harm or kill" Plaintiff and that Defendant Adamo put a hit out on her. DePalma depo., p. 308, l. 23 – p. 310, l. 14, p. 314, l. 6 – p. 315, l. 17 and Def. Ex. 22 and 25.

- Plaintiff made multiple false reports to her State and Congressional representatives falsely accusing Defendants of subjecting her to "an insidious level of cyberstalking and harassment" including attempting to initiate a U.S. military investigation involving Defendant Adamo's husband. DePalma depo., p.

310, l. 15 – p. 313, l. 24, p. 320, l. 24 - p. 321, l. 22, p. 341, l. 22 – p. 343, l. 24 and Def. Ex. 23, 24, 26 and 33.

- Plaintiff submitted complaints to 96 of 100 U.S. Senators falsely claiming that she was being subject to online harassment by Defendants accusing them of violating 18 U.S.C. § 2261A which is a felony. DePalma depo., p. 325, l. 4 – p. 327, l. 19 and Def. Ex. 27 and 28.

- Plaintiff submitted a complaint to the IRS falsely accusing Defendant Adamo of involvement in organized crime and of running a paid cyber harassment ring on social media. DePalma depo., p. 330, l. 8 – p. 331, l. 17 and Def. Ex. 30.

- Plaintiff submitted a complaint to the Georgia Department of Law Consumer Protection Division against Defendant Adamo. DePalma depo., p. 339, l. 14-23 and Def. Ex. 32.

- Plaintiff filed complaints against Defendants with the Federal Trade Commission falsely claiming that they committed fraud. DePalma depo., p. 335, l. 14 – p. 336, l. 8, p. 340, l. 13-25 and Def. Ex. 31.

On the other hand, while Defendants recognize the Court's distaste for their social media posts about this case, their conduct went no farther than that. And, even though Plaintiff's false complaints about the Defendants would support valid claims against Plaintiff for defamation since they were clearly made in bad faith and not privileged as well as (potentially) malicious prosecution, the Defendants elected not to expand these proceedings or instigate any new proceedings. They opted to simply defend their right to free speech and the truth of their words.

Regrettably, this was and is not just a war of words for Plaintiff. Plaintiff intended – and still intends – to inflict as much personal and financial damage on Defendants as possible by any

means available to her to achieve her distorted sense of justice (or, more accurately, revenge). She has made that abundantly clear in the videos she has posted on Tik Tok since the entry of judgment in favor of the Defendants (and in spite of the clear intent of the Court's orders). Unless this Court issues harsher sanctions against Plaintiff, she will not stop.

III. CONCLUSION.

Based on the arguments and evidence presented above, it is clear that Plaintiff has acted in bad faith, is continuing to act in bad faith and has no intention of stopping. The Court's Sanctions Order has not had the remedial effect on Plaintiff the Court desired. And, she will continue to harass the Defendants – and anyone else who dares to criticize or disagree with her – by any means available until she feels the weight of more substantial consequences which make it clear to her that her conduct is improper and will not be tolerated. Therefore, Defendants respectfully request that this Court reconsider its decision to deny Defendants' Motion for Sanctions and enter an order imposing monetary sanctions against Plaintiff in the amount previously requested by Defendants or for such other amount as the Court deems just and appropriate under the circumstances.

This 19th day of October, 2023.

MOORMAN PIESCHEL, LLC

/s/ Nicholas J. Pieschel
Nicholas J. Pieschel
Georgia Bar No. 579660

Attorneys for Defendants
Samantha Adamo and
Laurinda Kirk

1819 Peachtree Road, NE
Suite 406
Atlanta, Georgia 30309
(404)898-1243
Fax: (404)898-1241
njp@moormanpieschel.com