IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| RACHEL DEPALMA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:22-cv-91 (MTT) |
| | ) |
| SAMANTHA KERNS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Defendants Samantha Adamo (f/k/a Kerns) and Laurinda Kirk move for reconsideration (Doc. 52) of the Court's Order (Doc. 48) denying their motion for sanctions (Doc. 42).  Plaintiff Rachel DePalma has also moved to enforce this Court's September 21, 2022 Orders which directed the parties to maintain their social media accounts and refrain from posting about each other and this case online ("Social Media Order(s)").  Doc. 57.  For the following reasons, both motions are **DENIED**.

**I. BACKGROUND**

DePalma filed this action against Defendants Adamo, Kirk, and Tracy Korslund alleging defamation, false light invasion of privacy, and civil conspiracy based on statements they made in videos posted to TikTok and Instagram.  Docs. 33-1 ¶ 1; 40-1 ¶¶ 1-2; 40-2 ¶ 1.  Korslund failed to answer or otherwise defend, and this action proceeded without her involvement. Docs. 14; 17.  During the early stages of discovery, counsel for both the plaintiff and the remaining defendants directed the Court to a dizzying array of TikTok videos where their clients discussed various aspects of this

case, including personal information obtained through discovery, and aired their own personal grievances.  Docs. 20; 21; 22.

On September 21, 2022, the Court issued orders to each of the parties instructing them to appear at a hearing on October 6, 2022, and to show cause why they should not be sanctioned for "litigating this case—poorly, obnoxiously, and counter to their interests—through their personal social media accounts."  Docs. 20 at 1; 21 at 1; 22 at 1.  The orders specifically instructed the parties not to disclose or discuss any filings or pleadings from this case on social media and further ordered the parties not to delete or otherwise restrict their social media accounts.  They apparently did not listen.[1]

On September 21, 2023, the Court granted the defendants' summary judgment on all claims and denied their motion for the imposition of monetary sanctions against DePalma under Federal Rule of Civil Procedure 11(c).[2]  Docs. 45; 42-1 at 11.  Instead, the Court sanctioned both the defendants and DePalma for their misconduct throughout these proceedings.  Docs. 42, 48.  The defendants now move for reconsideration of their request for sanctions against DePalma totaling $117,314.82 claiming the Court failed to consider DePalma's out-of-court conduct and that her subsequent conduct also warrants the imposition of sanctions.  Doc. 52.  In response, DePalma moved "this Court to enforce its Orders issued September 21, 2022," and force the defendants "to reactivate, or make public, the Accounts and or posts which they have used to post about [DePalma] and this case."  Doc. 57.  DePalma claims the defendants' accounts

---

[1] DePalma, for instance, has maintained a public Google Drive which she linked to her TikTok account containing various filings in the case, including the defendants' depositions.  Docs. 57; 59; 61 n.1.  This directly violates the Court's order not to post information about another party obtained through discovery.

[2] The defaulting defendant, Tracy Korslund, subsequently posted a video to TikTok titled "how to win a federal lawsuit for free."

were deleted or restricted on or about the same day the defendants' motion for reconsideration was filed and that she has been prejudiced in responding to that motion as a result.  *Id*.

The parties yet again direct the Court to a dizzying array of TikTok videos and social media posts and comments which the Court has been forced to comb through and try to make sense of.  Docs. 52; 57; 59.  Most of this evidence involves various filings from other court cases, cryptic messages that may or may not impliedly refer to these proceedings, and social media posts by third parties.  Because the Court finds that this evidence is insufficient to entitle any of the parties to their requested relief, the Court finds that it is unnecessary to recount this evidence in further detail.

## II. STANDARD

### A. Motion for Reconsideration

The standard for granting a motion for reconsideration is strict.  Pursuant to Local Rule 7.6, "Motions for Reconsideration shall not be filed as a matter of routine practice."  M.D. Ga. L.R. 7.6.  Indeed, "reconsideration of a previous order is an extraordinary remedy to be employed sparingly."  *Bingham v. Nelson*, 2010 WL 339806 at *1 (M.D. Ga. Jan. 21, 2010) (internal quotation marks and citation omitted).  It "is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law."  *Id*.  "In order to demonstrate clear error, the party moving for reconsideration must do more than simply restate his prior arguments, and any arguments which the party

inadvertently failed to raise earlier are deemed waived." *McCoy v. Macon Water Authority*, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997).

**B. Plaintiff's Motion for Miscellaneous Relief**

A party seeking to enforce an order must demonstrate compliance with the order they are seeking to enforce. A court may deny equitable relief where the movant has acted with unclean hands; the equitable doctrine of unclean hands provides that "he who comes into equity must come with clean hands." *Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co.*, 324 U.S. 806, 814 (1945). This doctrine bars relief where the party seeking enforcement has engaged in conduct inconsistent with the very order they are trying to enforce.

### III. DISCUSSION

**A. Defendants' Motion for Reconsideration**

On October 19, 2023, the defendants moved for reconsideration of this Court's September 21, 2023 Order (Doc. 48) denying their request for Rule 11 sanctions against DePalma.[3] Doc. 52. They argue that reconsideration is warranted because (1) the Court failed to properly consider DePalma's offline conduct and (2) DePalma's subsequent and previously unconsidered conduct warrant the imposition of sanctions. Doc. 52. Based on these arguments, the defendants request that the Court impose monetary sanctions against DePalma in the amount of $117,314.82, or any other amount deemed just. *Id.* The Court finds no basis to reconsider its previous order.

---

[3] Local Rule 7.6 typically requires a party to file a motion to reconsider within fourteen days of the order in question. M.D. Ga. L.R. 7.6. In this case, the Court granted the defendants' motion for an extension of time (Doc. 51) to file a motion for reconsideration. Doc. 56.

The defendants have not identified any intervening change in the law, newly discovered evidence, or manifest injustice that would justify reconsideration of the Court's prior Order.  First, the defendants have not presented new evidence that was unavailable at the time of the Court's initial decision.  Second, there has been no indication of an intervening change in law that would warrant the reconsideration of the Court's prior decision.  Finally, the defendants' disagreement with the Court's conclusion does not constitute a clear error or manifest injustice.

A thorough review of the record reveals that the Court properly considered the evidence now in question.  Docs. 42; 48; 52.  Specifically, the defendants argue that the Court failed to consider evidence that DePalma made numerous complaints about the defendants to various government officials and agencies which the defendants claim were false.  Doc. 52 at 6-7.  There is no doubt that this conduct is shameful, but this evidence was before the Court when deciding the defendants' motion for Rule 11 sanctions.  *See* Doc. 42.  After considering this evidence, the Court still found that the evidence supporting the allegations in DePalma's complaint "was not so weak to suggest the absence of any reasonable basis in fact."  Doc. 48 at 3.  Indeed, the Court thoroughly reviewed all relevant evidence presented at the time of the initial motion and found it insufficient to warrant the requested sanctions.  The decision to deny attorney fees as sanctions was based on a comprehensive analysis of the facts and law, specifically noting the issues of out-of-court conduct and unclean hands.  *Id.* at 4.  The defendants' motion for reconsideration merely rehashes previously presented arguments without providing new evidence that would alter the Court's prior findings.  Additionally, even if the Court were to consider DePalma's subsequent conduct and

social media activity, it finds that this evidence is insufficient to justify reconsideration or warrant the imposition of the requested sanctions.  In fact, both defendants posted videos to TikTok which could be interpreted to suggest that their motion for sanctions (Doc. 42) was filed for an improper purpose.[4]  *See* Doc. 57 at 5, 9-10.

In short, the Court finds no grounds upon which to alter its original ruling.  The defendants have not demonstrated the existence of newly discovered evidence, a change in the controlling law, or that there has been a clear error or a manifest injustice that would justify reconsideration.

**B. Plaintiff's Motion for Miscellaneous Relief**

On October 27, 2023, DePalma moved "this Court to enforce its Orders issued September 21, 2022," and force "Defendants Adamo and Kirk to reactivate, or make public, the Accounts and or posts which they have used to post about [DePalma] and this case."  Doc. 57.  DePalma claims that prior to filing their motion for reconsideration, the defendants either deleted or concealed their social media posts about this case in attempt "to prevent the Court from evaluating [their] postings, while simultaneously complaining about [her] behavior."  *Id.* at 1.  DePalma argues that "[t]hese actions not only are in violation of the 2022 order, but also have placed" her at a disadvantage in responding to the defendants' motion for reconsideration and requested discovery to respond to the defendants' motion depending on the positions they took in their

---

[4] On August 29, 2022, for instance, Kirk posted to social media after discovery closed in this case, stating "We haven't given her nearly everything [smirk emoji] she didn't ask for it [wink emoji] we have only fired a warning shot and *we are just getting warmed up*."  Doc. 57 at 9-10 (emphasis added).  Similarly, Adamo posted a TikTok video on March 30, 2023, after the motion for sanctions was filed stating "The Tables are now turned" and referred to a previous video where she apparently discussed using legal tactics to draw out these proceedings and deplete DePalma's monetary resources.  *Id.* at 5.

response to her motion and their reply brief to the motion for reconsideration.  *Id.* at 10.  The Court finds discovery is not necessary.

Additionally, the doctrine of unclean hands precludes DePalma from seeking the requested equitable relief because her own conduct undermines the very basis of the relief sought.[5]  The Social Media Orders, issued on September 21, 2022, explicitly directed all parties to refrain from posting any information related to this case on social media or publicly disclosing information obtained through discovery.  The purpose of these Orders was to preserve the integrity and efficiency of these proceedings and ensure that the parties were not prejudiced by public discourse.  In direct violation of the Social Media Order directed at her, DePalma created a public Google Drive which she linked to her social media accounts and frequently referred to in posts she shared publicly.  Docs. 57; 59.  The link contains numerous filings in this case including the defendants' depositions.  By publicly sharing these documents, DePalma directly violated the Social Media Orders she seeks to enforce against the defendants.  DePalma not only continued to publicly post about this case online but also posted a video acknowledging the Court's orders stating that "a federal court in Georgia" lacked jurisdiction in California.  *See* Doc. 52 at 4-5.  Consequently, DePalma has not come to the Court with clean hands and has thus forfeited any right to enforce the Social Media Orders against the defendants.

---

[5] Three days after the Court held its show cause hearing, DePalma apparently removed the ability to download her TikTok videos—despite the Court's orders not to restrict the availability of her social media.  Doc. 52 at 3 n.1.  It is this aspect of the Court's orders that DePalma is now seeking to enforce.  Doc. 57.

## IV. CONCLUSION

For the foregoing reasons, the defendants' motion for reconsideration (Doc. 52) is **DENIED**. DePalma's motion for miscellaneous relief (Doc. 57) is also **DENIED**.

**SO ORDERED**, this 11th day of July, 2024.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
